UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY LIDEY
ABDALLAH,

          Plaintiff,

v.                                                 Case No. 8:22-cv-307-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

          Defendant.
_____

**OPINION AND ORDER**[1]

**I.   Status**

Kimberly Lidey Abdallah ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of depression, anxiety, agoraphobia, and a herniated disc in her lower back. Transcript of Administrative Proceedings (Doc. No. 15; "Tr." or "administrative transcript"), filed March 30, 2022, at 61, 71, 240. Plaintiff protectively filed an application for SSI on July 15, 2019, alleging an onset

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed March 30, 2022; Order (Doc. No. 18), entered April 11, 2022.

disability date of September 20, 2018. Tr. at 215-21.[2] Later, it was determined that the protective filing date should be September 20, 2018. Tr. at 10. The application was denied initially, Tr. at 60-68, 69, 92-94, 96, 98, 99-106, and upon reconsideration, Tr. at 70-88, 89, 107-27, 128, 131.[3]

On February 4, 2021, an Administrative Law Judge ("ALJ") held a hearing,[4] during which Plaintiff (represented by counsel) and a vocational expert ("VE") testified. Tr. at 31-59. At the time, Plaintiff was thirty-two (32) years old. See Tr. at 37 (stating Plaintiff's date of birth). On July 21, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-25.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her counsel in support. See Tr. at 4-5 (Appeals Council exhibit list and order), 210-12 (request for review), 329-31 (brief). On December 6, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the

---

[2] The actual filing date of the SSI application is October 18, 2019. Tr. at 215. The protective filing date is listed elsewhere in the administrative transcript as July 15, 2019. Tr. at 60, 71. The administrative transcript also contains an application for disability insurance benefits (DIB), Tr. at 213-14, that is not at issue in this appeal.

[3] Some of these cited documents are duplicates.

[4] The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 33-34, 171, 198.

Commissioner.[5] On February 4, 2022, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues: 1) "the residual functional capacity [('RFC')] does not allow Plaintiff to perform the occupations cited by the [VE]"; 2) the ALJ "did not adequately consider the state agency opinion" of James A. Brown, Ph.D.; 3) the ALJ "did not adequately consider the examining source opinion" of Angel R. Martinez, Ph.D., ABPP; and 4) the ALJ "relied on erroneous testimony from the [VE]." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 25; "Pl.'s Mem."), filed August 15, 2022, at 1; see id. at 5-7 (first argument), 7-10 (second argument), 11-13 (third argument), 13-17 (fourth argument). On September 15, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 26; "Def.'s Mem.") responding to Plaintiff's arguments.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of Dr.

---

[5] The administrative transcript also contains an Appeals Council denial of review dated May 9, 2019 concerning an earlier-filed application. Tr. at 303-06. This denial of review is relevant here to the extent that objections to the alleged disability onset date were raised by Plaintiff based upon it, Tr. at 208, and resolved in her favor by the ALJ, Tr. at 10.

Brown's prior administrative findings and opinion, as well as Dr. Martinez's opinion (Plaintiff's issues two and three). On remand, reevaluation of this evidence may impact the Administration's consideration of the remaining issues on appeal. For this reason, the Court need not address the parties' arguments on those matters. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past

---

[6]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 12-24. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since September 20, 2018, the protective filing date." Tr. at 12 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: obesity; disorders of the spine; anxiety; bipolar disorder; and osteoarthritis." Tr. at 12 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §] 416.967(b). [Plaintiff] has been capable of lifting, carrying, pushing, and pulling 20 pounds occasionally and 10 pounds frequently. She has been able to stand for six hours, walk for six hours, and sit for six hours in an eight-hour workday. [Plaintiff] has been incapable of climbing ladders, ropes, or

> scaffolds, but has been able to occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. She has been able to work frequently at unprotected heights, around moving mechanical parts, and in vibration. [Plaintiff] has been limited to performing simple and routine tasks with a specific vocational preparation of one or two and a reasoning level of no more than two. She has been limited to occasional interaction with coworkers and supervisors and no contact other than infrequent, superficial, incidental contact with the general public. [Plaintiff] has been limited to maintaining attention, concentration, persistence, and pace in two-hour increments throughout an eight-hour workday with normal work breaks and no fast-paced or strict quota-based work.

Tr. at 16 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "Food Server," a "Cook," and a "Cashier." Tr. at 21 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("30 years old . . . on the date the application was filed"), education ("a limited education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 21-22 (emphasis and citations omitted), such as "Housekeeper" and "Produce Weigher," Tr. at 22. The ALJ concluded Plaintiff "has not been under a disability . . . since September 20, 2018, [Plaintiff's] protective filing date." Tr. at 24 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff challenges the ALJ's evaluation of the prior administrative findings of non-examining psychologist Dr. Brown and the opinion of examining psychologist Dr. Martinez. Pl.'s Mem. at 7-10, 11-13; see Tr. at 78-81, 85-86 (Dr. Brown); Tr. at 829-37 (Dr. Martinez). According to Plaintiff, the ALJ erred in deeming persuasive Dr. Brown's prior administrative findings but then omitting a critical portion of Dr. Brown's findings from the RFC. Pl.'s Mem. at 7-10. Plaintiff also contends the ALJ erred in deeming Dr. Martinez's opinion only partially persuasive because the ALJ's discussion of the opinion was inadequate and unsupported. Id. at 11-13. Responding, Defendant argues the ALJ properly considered both Dr. Brown's findings and Dr. Martinez's opinion in assessing the mental RFC. Def.'s Mem. at 5-14.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work

activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).[7] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors,

---

[7] Plaintiff filed her SSI application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[8]

Here, Dr. Martinez, a behavioral psychologist, conducted a videoconference evaluation of Plaintiff on June 20, 2020[9] and rendered an opinion on June 24, 2020. Tr. at 829-37. Relevant to the issues, Dr. Martinez wrote that Plaintiff "has a history of anxiety that at times progresses to agoraphobic attacks. She has a history of mood swings, emotional issues and anxiety. These mental health symptoms are likely to make it difficult for her to adapt in a work-like situation." Tr. at 836.

Then, Dr. Brown, a non-examining psychologist, reviewed the file and rendered administrative findings on June 30, 2020. Tr. at 78-81, 85-86. When

---

[8] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

[9] The evaluation was done via video because it occurred during the early stages of the COVID-19 pandemic.

asked to "[e]xplain in the narrative form the sustained concentration and persistence capacities and limitations," Dr. Brown wrote, "C & P [(concentration and persistence)] may make consistent work attendance challenging." Tr. at 86 (some emphasis omitted).

In the Decision, the ALJ wrote that Dr. Brown's administrative findings were "persuasive," noting they were "supported by its reliance on the results of Dr. Martinez's examination." Tr. at 20 (citing Ex. B3A/10-12 and 16-17, located at Tr. at 79-81, 85-86).[10] The ALJ, however, did not address the portion of Dr. Brown's findings stating that consistent work attendance may be challenging.[11]

---

[10] The ALJ did not refer to Dr. Brown by name, but her citations are to Dr. Brown's opinion.

[11] Defendant argues two points with respect to this portion of Dr. Brown's findings that the undersigned finds appropriate to address in more detail. First, seemingly in a matter of semantics, Defendant relies on the Program Operations Manual System (POMS) to contend that the specific part of the form on which the finding at issue is written is not the actual mental RFC section. Def.'s Mem. at 8-9, 9 n4. But the form's instructions state:

> the actual mental [RFC] assessment is recorded in the narrative discussion(s), which describes how the evidence supports each conclusion. This discussion(s) is documented in the explanatory text boxes following each category of limitation (i.e., understanding and memory, sustained concentration and persistence, social interaction and adaptation). Any other assessment information deemed appropriate may be recorded in the MRFC – Additional Explanation text box.

Tr. at 85. Following these instructions, Dr. Brown wrote the finding at issue in the explanatory text box after the sustained concentration and persistence category of limitation. See Tr. at 86. Thus, even under the form's definition of the mental RFC, this finding "counts."

Second, Defendant contends that the qualification of "may" is too indefinite to rely

(Continued…)

See Tr. at 20. As to Dr. Martinez's opinion, the ALJ found it "only partially supported by the results of her examination," as well as lacking support of "formal testing" and "inconsistent with treatment notes documenting appropriate behavior, largely appropriate judgment and insight, and intact grooming, memory, and concentration."[12] Tr. at 20-21. The ALJ did not address the specific portion of the opinion finding that the mental health issues "are likely to make it difficult for her to adapt in a work-like situation." Tr. at 836; see Tr. at 20-21.

Elsewhere in the Decision, the ALJ recognized and did not quarrel with Plaintiff's representation that she sees her primary care provider via "telemedicine visits" because of the provider's willingness to "accommodate agoraphobia." Tr. at 19. These telemedicine or virtual visits are documented in the administrative transcript (long before the difficulties presented by the COVID-19 pandemic). See, e.g., Tr. at 786 (October 23, 2018 "virtual visit"). The ALJ also recognized various notes "refer[ring] to agoraphobia and an unwillingness to leave her home," but found that "medication provid[es] relief for her psychiatric conditions." Tr. at 19 (citations omitted). The records are not

---

upon. Def.'s Mem. at 9 n.4. In light of the overall observations made herein, combined with the ALJ's failure to address Dr. Brown's finding in the first instance, the undersigned need not determine whether such a qualification is too indefinite. The ALJ on remand can address this issue along with the others.

[12] The ALJ also commented on physical RFC aspects of the opinion that are not really at issue here. See Tr. at 20-21.

so clear. Although there are occasional notations of Plaintiff being stable on her medications, there are also indications of "[s]uboptimal control of symptoms." See, e.g., Tr. at 781.

In the end, judicial review is frustrated because in finding Dr. Brown's opinion to be persuasive and finding Dr. Martinez's opinion to be only partially supported, the ALJ ignored pieces of both of their opinions that suggest Plaintiff has more serious mental problems than the ALJ ultimately found. And, in discussing the required factors of consistency and supportability, the ALJ did not recognize the opinions' consistency with one another on these points, and with at least some of Plaintiff's historical treatment notes from her primary provider.[13] The matter must be reversed and remanded for reconsideration of the opinions of Dr. Brown and Dr. Martinez.

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), **REVERSING** the

---

[13]   The ALJ did find that, "even had [Plaintiff] demonstrated a moderate limitation to her ability to adapt or manage herself, such a limitation would be accommodated" by the assigned RFC. Tr. at 19. But, if the ALJ were to accept the portions of the opinions at issue, it would result in a higher degree of limitation than moderate. Accordingly, remand is required for reconsideration of these opinions.

Commissioner's final decision and **REMANDING** this matter with the following instructions:

 (A) Reconsider the opinions of Dr. Brown and Dr. Martinez consistent with the applicable Regulations;

 (B) If appropriate, address the other issues raised by Plaintiff in this appeal; and

 (C) Take such other action as may be necessary to resolve this claim properly.

 2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 30, 2023.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record