**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KIMBERLY LIDEY
ABDALLAH,

        Plaintiff,

v.                                                      Case No. 8:22-cv-307-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.
_____/

# **O R D E R**

      This cause is before the Court on Plaintiff's Petition for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. No. 30; "Petition"), filed May 4, 2023. In the Petition, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $7,079.14. Petition at 1, 3. Plaintiff represents that Defendant does not oppose the relief requested. Id. at 4.

      Plaintiff's counsel indicates a total of 30.4 hours were expended in the representation of Plaintiff before the Court: 29.3 hours in 2022; and 1.1 hours in 2023. Id. at 2-3; see id. at Ex. C (attached Time Entries). Plaintiff requests an hourly rate of $232.67 for 2022 and $238.22 for 2023. Id. at 3. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the

increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Petition, the Court concludes an increase in inflation does justify a proportionate increase in attorneys' fees.[1] Further, the number of hours expended is reasonable.

Plaintiff has assigned her rights to any entitlement of attorney's fees due under the EAJA to her counsel. Petition at 3, Ex. A (Contingent Fee Contract and Assignment of EAJA Fees). Plaintiff represents as follows regarding the assignment:

> [A]fter the Court issues an Order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel.

Petition at 3.

In light of the foregoing, it is

**ORDERED**:

---

[1] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited August 14, 2023). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

1. Plaintiff's Petition for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. No. 30) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $7,079.14 pursuant to 28 U.S.C. § 2412(d).

3. The Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on August 14, 2023.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record