UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY LIDEY ABDALLAH,

        Plaintiff,

v.                                                                          Case No. 8:22-cv-307-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,

        Defendant.
_____

# O R D E R

This cause is before the Court on Dax J. Lonetto, Sr.'s Unopposed Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. No. 33; "Motion"), filed June 11, 2024. Plaintiff's counsel seeks an award of $10,122.27 pursuant to 42 U.S.C. § 406(b). See Motion at 1, 12. This amount represents just under twenty-five percent of Plaintiff's past-due benefits that were awarded by the Administration. Defendant takes no position on the request. Id. at 12.

Section 406(b)(1)(A) states in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). The statute does not impose a twenty-five percent cap on the aggregate of attorney's fees awarded under § 406(a)—which are awarded

for work done at the administrative level—and § 406(b). Culbertson v. Berryhill, 586 U.S. 53, 54 (2019). Instead, "the 25% cap applies only to fees for representation before the court, not the agency." Id. at 54.

The twenty-five percent ceiling was meant "to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002) (citations omitted). "[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results . . . ." Id. at 807. The burden is on the attorney to "show that the fee sought is reasonable for the services rendered." Id. Generally, "[t]he 'best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

"Although the contingency agreement should be given significant weight in fixing a fee, [the district court] must independently assess the reasonableness of its terms." McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989). The

contingency fee negotiated by the claimant and his or her counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be a windfall to the attorney." Wells, 907 F.2d at 372 (citation omitted); see also McGuire, 873 F.2d at 981. Factors to consider in assessing the reasonableness of the fee include whether there was unreasonable delay in the litigation caused by the attorney, the quality of the representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing. See Gisbrecht, 535 U.S. at 808. Additionally, an attorney who successfully claims both EAJA fees from the United States and an award under 42 U.S.C. § 406(b) must refund "to the claimant the amount of the smaller fee." Id. at 796.

Here, counsel represented Plaintiff in her appeal of the Commissioner's denial of social security benefits. This Court reversed the decision of the Commissioner and remanded the case for further administrative proceedings, which ultimately resulted in an award of $43,012.09 in past-due benefits. See Motion at Ex. A. Plaintiff and counsel entered into a fee arrangement providing for a fee of twenty-five percent of past-due benefits. See id. at Ex. B. Further, although the Court previously awarded EAJA fees in the amount of $7,079.14,

3

see Order (Doc. No. 31), that award was applied to a delinquent debt of Plaintiff's, so counsel did not receive any of it. See Motion at 2, Ex. C. Accordingly, there is no EAJA fee for counsel to refund.

Upon review of the representations made in the Motion and all supporting documentation submitted by counsel, and upon consideration of the quality of the representation and the results achieved, the undersigned finds the amount requested is reasonable and due to be awarded.

For the foregoing reasons, it is

**ORDERED**:

1. Dax J. Lonetto, Sr.'s Unopposed Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. No. 33) is **GRANTED**.

2. Plaintiff's counsel, Dax J. Lonetto, Sr., is awarded $10,122.27 pursuant to 42 U.S.C. § 406(b), which shall be paid from the past-due benefits awarded to Plaintiff. The Commissioner shall now pay Mr. Lonetto the sum of $10,122.27 from the past-due benefits withheld. If any withheld past-due benefits remain after this payment, the remainder shall be paid directly to Plaintiff.

3. The Clerk of the Court is directed to enter judgment accordingly and close the file.

**DONE AND ORDERED** in Jacksonville, Florida on October 3, 2024.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record